Timothy S. Durst (*pro hac vice*), Texas Bar No. 00786924
tim.durst@bakerbotts.com
Chad Walters (*pro hac vice*), Texas Bar No. 24034730
chad.walters@bakerbotts.com
Susan Cannon Kennedy (*pro hac vice*), Texas Bar No. 24051663
susan.kennedy@bakerbotts.com
Ross G. Culpepper (*pro hac vice*), Texas Bar No. 24069559
ross.culpepper@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone:  (214) 953-6500
Facsimile:   (214) 661-6503

Breton A. Bocchieri, State Bar No. 119459
breton.bocchieri@novakdruce.com
Elizabeth Yang, State Bar No. 249713
elizabeth.yang@novakdruce.com
NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP
333 S. Grand Ave. Suite 2300
Los Angeles, CA 90071
Telephone: (213) 787-2500
Facsimile:  (213) 687-0498

Attorneys for Yellowpages.com LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCATA LBS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>YELLOWPAGES.COM LLC,<br><br>    Defendant. | Case No. 2:13-cv-07664<br><br>**DEFENDANT YELLOWPAGES.COM, LLC'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF LOCATA LBS LLC'S COMPLAINT** |

## **ANSWER AND COUNTERCLAIMS**

Defendant Yellowpages.com, LLC ("YP") files this Answer and Counterclaims to Plaintiff Locata LBS LLC's ("Locata") Original Complaint ("Complaint").

YP denies anything in Locata's Complaint that is not expressly admitted.

## THE PARTIES

1. YP lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint.

2. YP admits that it is a Delaware limited liability company with its principal place of business in Glendale, California. YP admits that it is an indirect wholly owned subsidiary of YP Holdings, LLC. The allegations against YP Holdings, LLC have been dismissed by Locata. Therefore, it is unnecessary to respond to allegations directed to YP Holdings, LLC.

## JURISDICTION AND VENUE

3. YP admits that Locata purports to pursue an action for infringement of a United States patent under the United States patent laws, and that the Complaint alleges that this Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). YP denies that the Complaint states a valid cause of action of infringement against YP and specifically denies any wrongdoing or infringement.

4. YP admits that personal jurisdiction and venue are proper in this judicial district. YP further admits that it has a regular and established place of business in this district and that it has transacted business in this district. YP denies the remaining allegations in paragraph 4 of the Complaint.

5. YP admits that it is subject to the Court's jurisdiction because it conducts business in the forum. YP denies the remaining allegations contained in paragraph 5 of the Complaint.

## ALLEGED PATENT INFRINGEMENT

6. YP admits that United States Patent 6,259,381 ("the '381 Patent") bears an issue date of July 10, 2001. YP admits that a copy of the '381 Patent is attached to the Complaint as Exhibit A. YP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

7. YP denies the allegations contained in paragraph 7 of the Complaint.

8. YP denies the allegations contained in paragraph 8 of the Complaint.

9. YP admits that it received a copy of the '381 Patent with service of this Complaint. YP denies the remaining allegations contained in paragraph 9 of the Complaint.

10. YP denies the allegations contained in paragraph 10 of the Complaint and denies that Locata is entitled to any of the relief requested in paragraph 10 of the Complaint or to any relief in any form whatsoever from YP.

## PLAINTIFF'S PRAYER FOR RELIEF

YP denies that Locata is entitled to any of the relief requested in the section of the Complaint entitled Prayer for Relief or to any relief in any form whatsoever from YP. Locata's Prayer should, therefore, be denied in its entirety and with prejudice, and Locata should take nothing. YP further denies each and every allegation in the Complaint to which it has not specifically responded.

## JURY DEMAND

YP admits that Locata requests a trial by jury.

## DEFENSES

YP asserts the following defenses.

1. YP has not infringed and does not infringe any properly construed, valid, enforceable claim of the '381 Patent under any theory, directly or indirectly, literally or under the doctrine of equivalents.

2. The claims of the '381 Patent are invalid for failure to satisfy one or more of the requirements for patentability, including but not limited to those arising under 35 U.S.C. §§ 101, 102, 103, and/or 112.

3. On information and belief, Locata's claims are barred by the doctrine of prosecution history estoppel.

4. Locata is not entitled to injunctive relief as, at a minimum, it has no irreparable injury and it has an adequate remedy at law for YP's alleged

3
ANSWER AND COUNTERCLAIMS

infringement.

5. Locata has failed to state a claim for indirect infringement upon which relief can be granted.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, YP asserts the following Counterclaims against Locata.

## PARTIES

1. YP is a Delaware limited liability company with its principal place of business at 611 North Brand Boulevard, Glendale, California 91203.

2. Plaintiff Locata claims it is a California limited liability company with its principal offices in Westlake Village, California.

## JURISDICTION AND VENUE

3. This is an action for a declaration that the claims of United States Patent 6,259,381 ("the '381 Patent") are invalid and/or not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*. Accordingly, this Court has subject-matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

4. An actual, substantial, and continuing justiciable controversy exists between YP and Locata with respect to which YP requires a declaration of its rights by this Court. Specifically, the controversy relates to the invalidity and non-infringement of the '381 Patent and to Locata's right to threaten and/or maintain a suit against YP for infringement of the '381 Patent.

5. This Court has jurisdiction over Locata because Locata brought its suit alleging patent infringement in this Court.

6. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391.

4
ANSWER AND COUNTERCLAIMS

# COUNT I

# DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '381 PATENT

7. YP realleges and incorporates by reference the foregoing allegations as though fully set forth here.

8. YP has not infringed and does not infringe any valid claim of the '381 Patent literally, directly, indirectly, jointly, and/or under the doctrine of equivalents.

9. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Locata and YP as to whether YP has infringed or infringes any valid claim of the '381 Patent.

10. YP requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

# COUNT II

# DECLARATORY JUDGMENT OF INVALIDITY OF THE '381 PATENT

11. YP realleges and incorporates by reference the foregoing allegations as though fully set forth here.

12. The '381 Patent is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 102, 103, and/or 112.

13. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Locata and YP as to whether there exists any valid asserted claim of the '381 Patent.

14. YP requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above. Such a determination

and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

## ATTORNEYS' FEES

15. This action qualifies as an exceptional case, supporting an award of reasonable attorneys' fees, costs, and expenses for YP against Locata pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

YP requests that this Court:

(a) Dismiss the Complaint with prejudice;

(b) Hold that Locata is not entitled to any relief, whether in law or equity or otherwise, from its suit against YP;

(c) Enter judgment that YP has not infringed and does not infringe any valid claim of the '381 Patent literally, directly, contributorily, by way of inducement, jointly, and/or under the doctrine of equivalents;

(d) Enter judgment that claims of the '381 Patent are invalid pursuant to Title 35 of the United States Code;

(e) Permanently enjoin Locata, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '381 Patent against YP or any parents, affiliates, or subsidiaries of YP or any of their respective officers, agents, employees, successors, and assigns;

(f) Enter a judgment against Locata and in favor of YP in all respects;

(g) Find this case exceptional and award YP its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

(h) Award YP any other relief, in law and in equity, to which the Court finds YP is justly entitled.

## YP'S JURY DEMAND

YP demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated:  January 7, 2014            Respectfully submitted,

BAKER BOTTS L.L.P.

 */s/ Timothy S. Durst*
Timothy S. Durst
Attorney for Defendant
Yellowpages.com, LLC

NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP

/s/ *Breton A. Bocchieri*
Breton A. Bocchieri
Attorneys for Defendant
Yellowpages.com, LLC