Timothy S. Durst (*pro hac vice*), Texas Bar No. 00786924
tim.durst@bakerbotts.com
Chad Walters (*pro hac vice*), Texas Bar No. 24034730
chad.walters@bakerbotts.com
Susan Cannon Kennedy (*pro hac vice*), Texas Bar No. 24051663
susan.kennedy@bakerbotts.com
Ross G. Culpepper (*pro hac vice*), Texas Bar No. 24069559
ross.culpepper@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Ave.
Dallas, Texas 75201
Telephone:   (214) 953-6500
Facsimile:    (214) 661-6503

Breton A. Bocchieri, State Bar No. 119459
breton.bocchieri@novakdruce.com
NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP
333 S. Grand Ave. Suite 2300
Los Angeles, CA 90071
Telephone: (213) 787-2500
Facsimile:  (213) 687-0498

Attorneys for Yellowpages.com LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| LOCATA LBS LLC,<br><br>        Plaintiff,<br><br>v.<br><br>YELLOWPAGES.COM LLC,<br><br>        Defendant and<br>        Counterclaimant. | CASE NO.: 2:13-cv-07664-JAK(SHx) (LEAD CASE)<br><br>**YELLOWPAGES.COM LLC's NOTICE OF MOTION AND MOTION TO STAY PENDING *INTER PARTES* REVIEW AND MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES** |



v.

FACTUAL INC.,

              Defendant.

v.

UNITED SAMPLE, INC.,

              Defendant and
              Counterclaimant.

Date:  June 16, 2014
Time:  8:30 a.m.
Location:  Ctrm 750, 7th Floor
Judge:  The Hon. John A. Kronstadt

Case No. 2:13-cv-07743-JAK(SHx)
(CONSOLIDATED CASE)

Case No. 2:13-cv-07748-JAK(SHx)
(CONSOLIDATED CASE)

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 16, 2014, at 8:30 a.m., or as soon thereafter as counsel may be heard before the Honorable John A. Kronstadt in Courtroom 750 in the United States Courthouse, Roybal Federal Building, located at 255 East Temple Street, Los Angeles, California, Defendant Yellowpages.com LLC ("YP") will move to stay Case No. 2:13-cv-07664 pending completion of *inter partes* review of the patent-in-suit by the Patent Trial and Appeal Board.

This Motion is based upon this Notice, the Memorandum of Points and Authorities below, the pleadings, and such other matters as the Court may deem appropriate in deciding this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on April 11, 2014.  Locata and YP have been unable to resolve their dispute; the other defendants, Factual Inc. and United Sample, Inc. do not oppose YP's motion to stay.

Dated:  April 23, 2014.              */s/ Timothy S. Durst*
                                     Timothy S. Durst
                                     Chad C. Walters
                                     Susan Kennedy
                                     Ross G. Culpepper
                                     Breton A. Bocchieri

                                     ATTORNEYS FOR
                                     YELLOWPAGES.COM, LLC

1

## MEMORANDUM OF POINTS AND AUTHORITIES

YP respectfully asks this Court to stay this litigation until the completion of the pending *inter partes* review process for the asserted claims of the patent-in-suit. All of the relevant factors support a stay of this matter:

(1)  This request to stay comes relatively early in the case, before claim construction, the bulk of fact discovery, and expert reports.

(2)  Because the Patent Trial and Appeal Board of the United States Patent and Trademark Office ("Board") may decide some or all of the asserted claims of the patent-in-suit are invalid, a stay may simplify the issues in the case by eliminating certain claims completely from the litigation.

(3)  A stay will not unduly prejudice Locata, a non-practicing entity that does not compete with Defendants.

For these reasons, it is appropriate to stay this case while the Board reviews the validity of the asserted claims.

## STATEMENT OF FACTS

Locata has asserted the same claims of the patent-in-suit (which issued in 2001) against all the defendants in this case consolidated for pretrial, as well as against two other defendants, eBay Inc. ("eBay") and PayPal, Inc. (collectively, the "eBay Defendants").[1]  *See* Kennedy Decl. ¶ 2.  Defendant eBay recently filed a petition for *inter partes* review by the Board of the asserted claims.  *See id.*, Ex. A (eBay's IPR Petition).  The eBay Defendants filed a motion to stay pending the *inter partes* review proceeding; their motion is now pending in the Northern District of California case. While the eBay Defendants are now in a different case, the Board's decision about the asserted claims will be binding on Locata in this case.  Accordingly, any decision by the Board that invalidates or narrows a claim will necessarily affect all the relevant issues in this case:  claim construction, infringement, validity, and damages.

---

[1]  Locata's lawsuit against the eBay Defendants was recently transferred to the Northern District of California.  *See* Dkt. No. 74.

This litigation is in the relatively early stages, with more work ahead of the Court and the parties than behind them.  The parties and the Court have not yet begun the claim construction process.  The *Markman* hearing is November 10, 2014, and expert discovery closes almost a year from now, on April 10, 2015.  *See* Dkt. No. 42 at 2; Dkt. No. 54 at 1.  The fact discovery deadline is January 30, 2015, and no party has requested or taken any depositions.  The Court has set one trial date for June 16, 2014, but has not yet decided which case will proceed to trial first.  *See* Dkt. No. 42 at 2-3.

In requesting a stay, the eBay Defendants provided statistics showing a high likelihood that at least some of the asserted claims would be invalidated:  as of April 3, 2014, the Board had granted 82% of petitions for *inter partes* review, and every *inter partes* review proceeding where the Board had issued a final written decision invalidated all or some of the claims.  *See* Dkt. 68 at 7 & n.2.  Indeed, a very recent decision (issued after the eBay Defendants filed their motion) in which the Board affirmed all the challenged claims was reported as a "rare feat."[2]

The requested stay will be relatively short, in comparison to the prior *inter partes* reexamination process.  *Inter partes* review "is designed to be more streamlined than inter partes reexamination."  *Black & Decker Inc. v. Positec USA, Inc.*, No. 13 C 3075, 2013 WL 5718640, at *1 (N.D. Ill. Oct. 1, 2013).  A decision on whether to grant review must be issued within three months of Locata's preliminary response to eBay's petition.  *See* 35 U.S.C. § 314(b).  Review will only be granted if eBay has a "reasonable likelihood" of prevailing on at least one of the challenged claims.  *Id.* § 314(a).  If eBay satisfies this standard, then a final determination on the validity of the claims must be made within one year of the decision to grant the

---

[2] *See* Kennedy Decl., Ex. B (http://www.law360.com/articles/528526/in-rare-feat-2-patents-emerge-unscathed-from-aia-reviews?article_related_content=1); *see also id.* Ex. C (http://www.bna.com/ptab-first-time-n17179889622/) (noting that for *inter partes* and covered business method reviews that have resulted in a final written decision, the Board "has cancelled all but 10 of the hundreds of claims challenged in over 30 patents").

1 petition; this period can be extended by six months on a showing of good cause. *Id.* §

2 316(a)(11).

3 **ARGUMENT**

4     Staying this case accords with the goals of the America Invents Act ("AIA"),

5 which sets forth the new procedures by which the PTO may review third-party

6 challenges to the validity of claims of issued patents. "In enacting the AIA, Congress

7 sought 'to establish a more efficient and streamlined patent system that will improve

8 patent quality and limit unnecessary and counterproductive litigation costs' and 'to

9 create a timely, cost-effective alternative to litigation.'" *PersonalWeb Techs., LLC v.*

10 *Facebook, Inc.*, Case Nos. 5:13-CV-01356-EJD, 5:13-CV-01358-EJD, 5:13-CV-

11 01359-EJD, 2014 WL 116340, at *2 (N.D. Cal. Jan. 13, 2014) (quoting *Changes to*

12 *Implement Inter Partes Review Proceedings, Post–Grant Review Proceedings, and*

13 *Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680–01

14 (Aug. 12, 2012) (codified at 37 C.F.R. §§ 42.100 et seq.)). A stay of this case while

15 the Board considers the merits of eBay's petition for review of the asserted claims

16 will be more efficient for all involved, including, most importantly, the Court.

17 **Legal Standard**

18     While "the totality of the circumstances governs," courts in this District

19 generally consider three "significant factors" when deciding whether to stay litigation

20 pending *inter partes* review: "(1) whether discovery is complete and whether a trial

21 date has been set; (2) whether a stay will simplify the issues in question and trial of

22 the case; and (3) whether a stay would unduly prejudice or present a clear tactical

23 disadvantage to the nonmoving party." *Pi-Net Int'l, Inc. v. Hertz Corp.*, Nos. CV 12-

24 10012 PSG (JEMx), CV 12-4270 PSG (JEMx), CV 12-4036 PSG (JEMx), 2013 WL

25 7158011, at *1 (C.D. Cal. June 5, 2013) (internal quotations omitted). All the factors

26 here favor a stay, which is in keeping with the "liberal policy in favor of granting

27 motions to stay proceedings pending the outcome of reexamination." *Id.* at *2

28 (internal quotation omitted); *see also Semiconductor Energy Lab. Co. v. Chimei*

*Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *1 (C.D. Cal. Dec. 19, 2012) (same).  This Court has "inherent power to manage [its] docket[] and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."  *Pi-Net*, 2013 WL 7158011, at *2 (internal quotation omitted).

### A.  The Early Stage of This Litigation Favors a Stay.

Because this case is in its relatively early stages—before claim construction, fact depositions, and expert discovery, a stay will conserve resources and promote efficiency.  Courts have routinely granted motions to stay under similar circumstances and even where the litigation was further advanced, including at the following times:

- after the exchange of infringement and invalidity contentions and the filing of opening claim construction briefs (although no trial date), *TAS Energy, Inc. v. San Diego Gas & Elec. Co.*, No. 12-CV-2777-GPC(BGS), 2014 WL 794215, at *3 (S.D. Cal. Feb. 26, 2014);

- after service of infringement contentions, document production, and responses to a set of special interrogatories, *Pi-Net*, 2013 WL 7158011, at *2;

- after exchange of infringement and invalidity contentions and proposed claim constructions and only three months before *Markman* hearing, *Semiconductor Energy*, 2012 WL 7170593, at *2; *see id.* at Dkt. 105 (excerpts attached as Ex. D to Kennedy Decl.) (explaining case status more fully);

- after the exchange of infringement and invalidity contentions and proposed claim constructions and extrinsic evidence, *Tierravision, Inc. v. Google, Inc.*, No. 11cv2170 DMS (BGS), 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012);

- after service of infringement and invalidity contentions and written discovery, *Pragmatus AV, LLC v. Facebook Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *2 & *4-*5, (N.D. Cal. Oct. 11, 2011); and

- after a year of discovery (although no claim construction or trial date), *Big Baboon, Inc. v. Dell, Inc.*, No. CV 09-1198 SVW (SSx), 2011 U.S. Dist. LEXIS 155536, at *46 (Dkt. 384 at 25) (C.D. Cal. Feb. 8, 2011).

1   In short, because "there is more work ahead of the parties and the Court than behind
2   the parties and the Court," this first factor weighs in favor of a stay. *Semiconductor*
3   *Energy*, 2012 WL 7170593, at \*3 (internal quotation omitted).

4   **B.   A Stay Will Simplify the Issues.**

5   The second factor—the simplification of the issues in this litigation—also
6   weighs in favor of a stay of this lawsuit. It is simply more efficient for the Court and
7   the parties to wait the limited time it takes for completion of the *inter partes* review
8   process and then resume litigation, if needed, rather than spend resources litigating
9   claims that the Board may cancel or modify. "[W]aiting for the outcome of the
10  reexamination could eliminate the need for trial if the claims are cancelled or, if the
11  claims survive, facilitate trial by providing the court with expert opinion of the PTO
12  and clarifying the scope of the claims." *Evolutionary Intelligence, LLC v. Facebook,*
13  *Inc.*, Nos. C 13-4202 SI, C 13-4204 SI, 2014 WL 261837, at \*2 (N.D. Cal. Jan. 23,
14  2014) (alteration in original) (internal quotation omitted).

15  For these reasons, and in keeping with the liberal policy in favor of granting
16  stays pending reexaminations, courts have granted motions to stay as to non-petitioner
17  defendants. As Judge Illston in the Northern District of California recently explained
18  in a similar case, where review had been sought for all the asserted claims of the
19  patent-in-suit, "if the petitions for review are granted, there is a chance that the review
20  could simplify the case by rending all of [the patentee's] claims for infringement
21  moot." *Id.* And even an affirmance of the claims may simplify the issues "because
22  the PTO's upholding of the claims is strong evidence that the court must consider in
23  assessing whether the party asserting invalidity has met its burden of clear and
24  convincing evidence." *Id.* (internal quotation omitted).

25  Similarly, Judge Gutierrez granted a motion to stay several cases pending a
26  non-party's petitions for *inter partes* review. *See Pi-Net Int'l, Inc.*, 2013 WL
27  7158011, at \*1. The court explained that it would "benefit from the expertise of the
28  PTO with regard to assessing the prior art" and cited the defendants' argument that

the review "could eliminate some or all of the infringement issues" and that denying the motion to stay risked relitigation of any claims later modified by the Board through the IPR process. *Id.* at *3. In short, the likelihood of simplifying the issues for trial (and for the Court's resolution of motions) weighs in favor of a stay.

### C. Locata Will Not Be Unduly Prejudiced by a Stay.

Locata cannot show the kind of prejudice that would counsel against staying this litigation. The "mere fact" of delay is not sufficient prejudice to deny a motion to stay. *Tierravision*, 2012 WL 559993, at *3; *see also Evolutionary Intelligence*, 2014 WL 261837, at *3 (noting that the "inherent delay" in the reexamination process is not, by itself, undue prejudice); *Pi-Net*, 2013 WL 7158011, at *4 ("Mere delay in the litigation does not establish undue prejudice."). Locata does not compete with the defendants. It has not sought preliminary injunctive relief. The *inter partes* review petition was filed promptly after eBay learned of the asserted claims.[3] Under similar circumstances, courts have found that this factor weighs in favor of a stay. *See, e.g.*, *Star Envirotech, Inc. v. Redline Detection, LLC*, No. SACV 12-01861 JGB (MLGx), 2013 WL 1716068, at *2 (C.D. Cal. Apr. 3, 2013) (noting that the plaintiff did not provide any "argument that it would be any more prejudiced than any other plaintiff whose patent infringement claim is stayed pending IPR"); *Semiconductor Energy*, 2012 WL 7170593, at *3-*4 (granting motion to stay where the plaintiff did not seek a preliminary injunction and did not directly compete with the petitioner).

### CONCLUSION

YP respectfully asks that the Court stay this case. The potential benefits—ending the litigation if the patent claims are cancelled or if the parties settle in light of the Board's holdings; avoiding unnecessary claim construction and discovery on claims that may be cancelled; and guidance from the Board on any claims that

---

[3] Locata served its infringement contentions on March 3, 2014, and eBay filed its 64-page *inter partes* review petition, plus exhibits, including its 54-page expert declaration, on April 4, 2014. *See* Kennedy Decl. ¶¶ 2-3 & Ex. A.

survive—all justify staying this suit while the Board considers eBay's petition for *inter partes* review of the asserted claims.

Dated:        April 23, 2014              Respectfully submitted,

                                          BAKER BOTTS L.L.P.

                                          */s/ Timothy S. Durst*
                                          Timothy S. Durst
                                          Attorney for Defendant
                                          Yellowpages.com, LLC

                                          */s/ Breton A. Bocchieri*
                                          Breton A. Bocchieri
                                          Attorney for Defendant
                                          Yellowpages.com, LLC