UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV13-07664 JAK (SHx) | Date | July 11, 2014 |
|---|---|---|---|
| Title | Locata LBS, LLC v. Yellowpages.com, LLC, et al. <br> Consolidated with: <br> LA CV13-07743 JAK (SHx): Locata LBS LLC v. Factual, Inc. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO STAY PENDING INTER PARTES REVIEW (DKT. 78)

## I.      Introduction

Locata LBS LLC ("Plaintiff") brought this action against Yellowpages.com LLC ("YP"). LA CV 13-7664, Dkt. 1. Plaintiff advances a single claim against YP for infringement of United States Patent No. 6,259,381, entitled "Method of Triggering An Event" (the "'381 Patent"). *Id.* at 3. Plaintiff contends that YP infringed the '381 Patent through the use of location-based services such as Dynamic Store Locator and Mobile Display Ads. *Id.*

YP brought this Motion to Stay Pending *Inter Partes* Review (the "Motion"). Dkt. 78. Plaintiff opposed the Motion (Dkt. 82) and YP replied (Dkt. 88). On June 16, 2014, the Court conducted the Scheduling Conference in this matter as to Plaintiff, YP and Factual, Inc. ("Factual"), which is a defendant in an action that is consolidated with this one, *Locata LBS LLC v. Factual, Inc.*, LA CV13-07743 JAK (SHx). As part of that process, it held a hearing on the Motion. After expressing the tentative view that the case would be stayed after the completion of "Claim Construction Discovery" (S.P.R. 3.3) and the filing of the "Joint Markman Prehearing Statement," (S.P.R. 3.4), the Court heard oral argument. It then directed that a supplemental joint status report be filed by all three parties as to certain issues related to the proposed interim stay. The Court then stated that, upon the filing of the report, the matter would be taken under submission. Dkt. 95.

The parties filed the supplemental report on June 23, 2014. Dkt. 96. For the reasons stated in this Order, the Motion is conditionally GRANTED IN PART, and dates are set through the time of the filing of the Joint Markman Prehearing Statement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV13-07664 JAK (SHx) | Date | July 11, 2014 |
|---|---|---|---|
| Title | Locata LBS, LLC v. Yellowpages.com, LLC, et al.<br>Consolidated with:<br>LA CV13-07743 JAK (SHx): Locata LBS LLC v. Factual, Inc. | | |

## II.   Factual Background

### A.   General

On July 10, 2001, the '381 Patent was issued to Locata Corporation Pty. Ltd. ("Locata PTY"). Dkt. 1 at 3. The '381 Patent describes the invention as follows:

> A method and device for triggering an event in a roving apparatus is disclosed, whereby an event is triggered when the calculated position of the roving apparatus falls within a predetermined area and at least one other triggering criteria specified for the event is met, such that if the calculated position of the roving apparatus is at a position where predetermined areas overlap, events from any of the overlapping predetermined areas may be triggered in accordance with the triggering criteria of those areas.

*Id.*

Plaintiff contends that YP has been and is

> directly infringing, inducing others to infringe, and/or contributorily infringing, literally, under the doctrine of equivalents, and/or jointly, one or more claims of the '381 Patent in the State of California, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering to sell, and/or importing systems and methods that implement, utilize or otherwise embody the patented invention, including by way of example location-based services, such as Dynamic Store Locator and Mobile Display Ads . . .

*Id.* at 3.

On April 4, 2014, eBay, Inc., the defendant in a separate action brought by Plaintiff,[1] filed a petition for *inter partes* review (the "Petition") with the United States Patent and Trademark Office (the "PTO"). Dkt. 78-2 at 2. Plaintiff states that its response to the Petition is due on July 14, 2014. Dkt. 82 at 12. It also states that, on or before October 14, 2014, the Patent Trial and Appeal Board (the "Board") will decide whether or not to institute review proceedings. *Id.*

### B.   The June 16 Hearing and the Supplemental Joint Status Report

As noted, during the June 16, 2014 hearing on the Motion, the Court stated its tentative view that the Motion should be granted in part. Dkt. 95. Thus, rather than impose a complete stay, its tentative view was that, while the *inter partes* review was pending, the matter should proceed as to certain discovery and related issues. Upon the filing of the Joint Markman Prehearing Statement, the matter would be

---

[1] Plaintiff filed its action against eBay, Inc. and PayPal, Inc. on October 25, 2013. *See Locata LBS LLC v. PayPal Inc. et al.*, LA CV13-07895-JAK (SHx). A motion to transfer the action to the Northern District of California was granted on April 18, 2014. Dkt. 74.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV13-07664 JAK (SHx) | Date | July 11, 2014 |
|---|---|---|---|
| Title | Locata LBS, LLC v. Yellowpages.com, LLC, et al. <br> Consolidated with: <br> LA CV13-07743 JAK (SHx): Locata LBS LLC v. Factual, Inc. | | |

stayed until a ruling on the *inter partes* review was issued. *Id.*

The Court also stated that the schedule of such events proposed by YP and Factual in the parties' Joint Status Report (Dkt. 93) would be acceptable. That schedule called for the filing of a Joint Markman Prehearing Statement on September 29, 2014. *Id* at 4. The Court directed the parties to file a supplemental joint report containing their respective or collective views "on whether they can efficiently proceed under the proposed schedule." *Id.* The parties were also directed to include their respective or collective language "with respect to defining the manner in which [YP and Factual] would be estopped by a substantive ruling, if any, by the PTO following the *inter partes* review." *Id.*

### III.  Analysis

#### A.  Legal Standard

Courts consider three principal factors in determining whether an action should be stayed pending *inter partes* review: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F.Supp.2d 1028, 1030-31 (C.D. Cal. 2013)(internal quotations omitted). However, "[t]he inquiry is not limited to these three factors. Rather, the totality of the circumstances governs." *Id.* at 1031 (internal quotations omitted). Relevant additional factors include a court's "ability to control its docket to ensure that cases are managed in the interest of justice." *Id.* at 1035.

#### B.  Application

##### 1.  Stage of the Proceedings

YP contends that "[t]his litigation is in the relatively early stages, with more work ahead of the Court and the parties than behind them." Dkt. 78 at 5. Plaintiff responds that it "recognizes that much is left to do in this case" but that "this case is clearly not in its early stages." Dkt. 82 at 26.

This action was filed on October 16, 2013. Dkt. 1. Since then, the parties have engaged in some preliminary discovery. Initial disclosures have been made. Plaintiff served its first set of document requests on YP on January 24, 2014; YP responded on February 26, 2014. Dkt. 82 at 10. Plaintiff served a second set of document requests and first set of interrogatories on YP on April 8, 2014. *Id.* YP was to serve its preliminary invalidity contentions on May 16, 2014. *Id.* at 10.

In their Joint Status Report (Dkt. 93), the parties proposed dates through trial. Plaintiff proposed June 16, 2015, as the trial date for its claims against YP, and August 3, 2015 as the trial date for its claims against Factual. Defendants did not oppose those dates, but stated that trial dates should be set at a later stage in the proceedings. *Id.* at 6. Plainly, a significant amount of work remains to be completed before the earlier, proposed trial date of June 16, 2015 trial date. YP contends that no party has requested or taken any depositions. Dkt. 78 at 5. Nor has any expert discovery commenced. Under similar circumstances,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV13-07664 JAK (SHx) | Date | July 11, 2014 |
| Title | Locata LBS, LLC v. Yellowpages.com, LLC, et al. <br> Consolidated with: <br> LA CV13-07743 JAK (SHx): Locata LBS LLC v. Factual, Inc. | | |

other courts have found that this level of pre-trial progress supports a stay of further proceedings pending the completion of an *inter partes* review. *See Pi-Net Intern., Inc. v. Hertz Corp.*, 2013 WL 7158011, *2 (C.D. Cal. June 5, 2013)("[t]he parties have exchanged infringement contentions, Plaintiff has served one set of Special Interrogatories to which Dollar Thrifty and Avis have responded, Dollar Thrifty and Avis have served a Request for Production of Documents, and Plaintiff has given Dollar Thrifty and Avis access to a repository of documents; no additional discovery has taken place. [citation]. Accordingly, although the Avis and Dollar Thrifty cases may not be in their infancy, the Court concludes that this factor weighs in favor of a stay . . .").

"The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings." *Universal Electronics*, 943 F.Supp.2d at 1031. The Court already has spent some time on this matter. A motion to dismiss and a motion to transfer brought by defendants in the consolidated cases have been decided. However, no hearings have been conducted with respect to claim construction. *See, e.g., id.* ("[w]hile not much discovery has occurred, Defendant did not file its *inter partes* review petitions until almost a year after being served with the complaint, and during that time the Court spent substantial effort construing the claims").

In sum, this case is in its early stages. Therefore, this factor favors a stay of at least certain, pre-trial proceedings.

        2.      <u>Simplification of the Issues</u>

"[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Universal Electronics*, 943 F.Supp.2d at 1032, *quoting Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 1995 WL 20470, *2 (N.D. Cal. Jan. 13, 1995).

YP contends that it "[i]s simply more efficient for the Court and the parties to wait the limited time it takes for completion of the *inter partes* review process and then resume litigation, if needed, rather than spend resources litigating claims that the Board may cancel or modify." Dkt. 78 at 8.

Plaintiff contends that, because the Petition has not yet been granted, it is unclear whether any issues will be narrowed. Plaintiff points to the following statement by eBay in its previously filed motion to stay pending *inter partes* review[2]: "82% of petitions for *inter partes* review have been granted, and every *inter partes* review proceeding where the [Board] has issued a final decision has invalidated some or all of the claims."[3] Dkt. 68 at 7. Courts have concluded that "[t]he undecided status of petitions clouds the

---

2  This motion, which was filed before Plaintiff's action against eBay was transferred to the Northern District, is now pending there.
3  eBay stated that those statistics were "based on statistics provided by the PTO as well as a search for [Board] decisions using the PTO website, Westlaw, and Docket Navigator as of April 3, 2014." Dkt. 68 at 7.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-07664 JAK (SHx) | Date | July 11, 2014 |
|---|---|---|---|
| Title | Locata LBS, LLC v. Yellowpages.com, LLC, et al. <br> Consolidated with: <br> LA CV13-07743 JAK (SHx): Locata LBS LLC v. Factual, Inc. | | |

simplification inquiry . . . [T]he fact that the petitions have not been granted or denied makes it more difficult to predict whether the issues are likely to be simplified." *Universal Electronics*, 943 F.Supp.2d at 1033. Others have determined it does not weigh against a stay if the Board has not yet granted the Petition. *See, e.g., TAS Energy, Inc. v. San Diego Gas & Elec. Co.*, 2014 WL 794215, *4 (S.D. Cal. Feb. 26, 2014) ("[w]hatever the [Board's] decision, the case will be simplified for this Court. If the PTO grants the petitions and ultimately cancels all asserted claims, the case would be over. If the PTO grants the petitions but confirms all or some of the claims, estoppel will eliminate the invalidity arguments raised or could have been raised in the *inter partes* petitions and the Court would have the benefit of the PTO's decision. Lastly, if the PTO denies the petitions for review, the stay will be short, only four months.").

YP supplements these statistics. It asserts that,

> [a]s of May 1, 2014, there had been 45 [*inter partes* review] written decisions. In over half (26) all instituted claims were found unpatentable. In 84 percent of them (38), at least some claims were found unpatentable. In only 16 percent were no claims found unpatentable. [citing slide 47 of http://www.uspto.gov/ip/boards/bpai/ptab_roundtable_slides_may_update_20140503.pdf]. The statistics on the [PTO's] website also show that as of May 29, 2014, for fiscal year 2014, the Board has instituted review proceedings in 79 percent of the decisions it has made on whether to hear [*inter partes* review] petitions. *See* http://www.uspto.gov/ip/boards/bpai/stats/052914_aia_stat_graph.pdf . . .

Dkt. 88 at 5.

Plaintiff provides slightly different statistics. It contends that the Board

> has only invalidated 327 out of the 2,113 patent claims that have been challenged via [*inter partes* review] petitions, which amounts to a 16% invalidation rate on a claim-basis. [citing to http://www.law360.com/articles/528519.ptab-says-it-s-not-a-death-squad-for-patents]. Out of 167 patents that have been brought to the Board for [*inter partes* review], only nine have been completely invalidated and only 19 patents have had some of their claims invalidated. [*id.*] Notably, the Board's rate of instituting review has gone down, year-over-year, as the Board increasingly weeds out weak petitions. [*id.*, http://www.uspto.gov/ip/boards/bpai/stats/aia_statistics_05_01_2014.pdf].

Dkt. 82 at 7.

YP contends that Plaintiff's "'invalidation rate' argument overstates [its] chances of success" because it "is based on all claims that have been initially challenged (including proceedings where the parties settled before the Board decision and where the claims were cancelled or disclaimed, but not by the Board)." Dkt. 88 at 5.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-07664 JAK (SHx) | Date | July 11, 2014 |
|---|---|---|---|
| Title | Locata LBS, LLC v. Yellowpages.com, LLC, et al.<br>Consolidated with:<br>LA CV13-07743 JAK (SHx): Locata LBS LLC v. Factual, Inc. | | |

Plaintiff also argues that "[s]taying the case against YP but not the other Consolidated Defendants 'will disrupt the coordinated discovery planned for the pending cases, resulting in the likelihood of duplicative discovery and/or pretrial efforts by the parties and the Court." Dkt. 82 at 16 (internal quotations omitted). Other courts have rejected this argument. *See, e.g., Pi-Net Intern.*, 2013 WL 7158011 at *3 ("[] [the plaintiff] fails to account for the possibility that all litigation involving the [patents] could be stayed. 'Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.' *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)(citations omitted)."). And, Factual has agreed to be bound by the determinations of the PTO to the same extent as YP. For these reasons, this argument does not warrant rejecting the requested stay in its entirety.

Plaintiff next contends that the Petition only raises one legal issue -- obviousness under 35 U.S.C. § 103 -- against only the first 12 of the 24 claims in the patent. Although courts have concluded that "when reexamination potentially will eliminate only one issue out of many, a stay is not warranted," more than a single issue may be eliminated here. *Imax Corp. v. In-Three, Inc.*, 385 F.Supp.2d 1030, 1032 (C.D. Cal. 2005). As YP points out, Plaintiff only asserts infringement of claims 1-12 against YP. Therefore, if the Board determines that any of these claims is invalid, the case will be narrowed. *See Pi-Net Intern.*, 2013 WL 7158011 at *3 ("Further, the assistance of the PTO is particularly helpful when a party has requested PTO review of many claims of the patents-in-suit. Here, [the petitioner] has requested review of all but one of the claims of [one] Patent, and 14 of the 35 claims of the [other] Patent.") Plaintiff contends that "[w]hile [it] has not yet asserted claims 13-24 against YP, [it] intends to assert these claims if discovery reveals a reasonable basis to do so." Dkt. 82 at 8. Because Plaintiff has not yet asserted such claims against YP, this consideration weighs little on this factor.

Notwithstanding the potential benefits of a stay, the Court is not persuaded that the stay should apply to the events culminating in the filing of the Joint Markman Prehearing Statement. Certain claims are not under review pursuant to the Petition. Others are likely to remain for determination notwithstanding the results of an *inter partes* review. Having the parties proceed with some pre-trial work strikes an appropriate balance that serves efficient case management. Thus, certain progress can be made on issues that are likely to remain following any *inter partes* review, while substantial work, including the preparation of Markman Briefs, the Markman hearing and decision, and numerous expert reports, all of which may be time-consuming and costly, will be deferred.

Plaintiff contends that a stay will not narrow the issues in this matter because YP is not a party to the Petition. Dkt. 82 at 16. Thus, it argues that YP will not be bound by the principles of estoppel pursuant to 35 U.S.C. § 315.[4] Courts have held that "[t]he estoppel effect of *inter partes* review carries less weight when there are several defendants that are not parties to, and thus are not bound by, the estoppel effects of the proceeding." *Semiconductor Energy Laboratory*, 2012 WL 7170593 at *2. YP asserts in its reply

---

4  35 U.S.C. § 315(e)(2) provides: "The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision . . . may not assert either in a civil action . . . or in a proceeding before the International Trade Commission . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review."

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-07664 JAK (SHx) | Date | July 11, 2014 |
|---|---|---|---|
| Title | Locata LBS, LLC v. Yellowpages.com, LLC, et al. Consolidated with: LA CV13-07743 JAK (SHx): Locata LBS LLC v. Factual, Inc. | | |

that "[s]hould the Court wish, [YP] will agree to estoppel precluding its assertion of any invalidity arguments based on any prior art grounds of unpatentability upon which the Board bases its final written decision." Dkt. 88 at 2. It contends that "[a]t most, a limited estoppel is appropriate, because [YP] did not coordinate with eBay in the selection of prior art to include in the [Petition] nor in the drafting or preparing of the petition." *Id.* at 3.

In their supplemental joint report, the parties present their respective positions with respect to defining the scope of estoppel as to both YP and Factual based on the determinations of the PTO following *inter partes* review. Plaintiff proposes the following language:

> If this proceeding is stayed and the [*inter partes* review] results in a final written decision on any claim of the patent-in-suit, then [YP and Factual] may not assert that the claim is invalid on any ground that was raised or reasonably could have [been] raised during the [*inter partes* review].

Dkt. 96 at 4.

YP and Factual propose alternative language:

> [YP and Factual] stipulate that they will be estopped in this case from asserting as grounds to invalidate [the '381 Patent] any of the grounds of unpatentability on which the Board rules in affirming any claims in any [*inter partes* review] resulting from the April 23, 2014 petition for inter partes review of the '381 Patent filed by ebay, Inc.

*Id.* at 9.

A limited estoppel would be inefficient. If it were adopted, YP and Factual would have the opportunity to wait for the determinations of the PTO following *inter partes* review and then raise any new grounds upon which the '381 Patent might be invalidated. Proceeding in this manner would impose unwarranted delay in this action. For these reasons, the Court will grant the stay conditioned on a stipulation by YP and Factual to the estoppel language proposed by Plaintiff.

In light of these considerations, this factor favors a stay; provided, however, it would be conditioned on the aforementioned stipulation by defendants.

### 3. Prejudice to the Nonmoving Party

"Mere delay in the litigation does not establish undue prejudice." *Universal Electronics*, 943 F.Supp.2d at 1033. Plaintiff contends that a stay should not be granted because it "risks the loss of evidence while the [Petition] is granted." Dkt. 82 at 20. It contends that it will need access to YP's source codes for the products that allegedly infringe the '814 Patent. *Id.* It argues that source codes can change as YP's products evolve and that a stay of this action may affect its ability to gather this evidence. *Id.* It contends that this danger "is highlighted by YP's recent announcement of its acquisition of Sense Networks, Inc. [("Sense")]." *Id.* at 21. Thus, Plaintiff suggests that, if Sense is integrated into Plaintiff's systems, evidence

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-07664 JAK (SHx) | Date | July 11, 2014 |
|---|---|---|---|
| Title | Locata LBS, LLC v. Yellowpages.com, LLC, et al. <br> Consolidated with: <br> LA CV13-07743 JAK (SHx): Locata LBS LLC v. Factual, Inc. | | |

related to the accused products may be lost. *Id.*

YP responds that it "has issued a litigation hold, produced some documents, and gathered and is maintaining others." Dkt. 88 at 7. YP also argues that Plaintiff "has served document requests related to the [Sense] technology, and YP will continue to preserve responsive documents if this case is stayed." *Id.* at 7. Indeed, courts have found unpersuasive speculative arguments regarding the preservation of source code pending a stay. *See, e.g., Evolutionary Intelligence, LLC v. Facebook, Inc.*, 2014 WL 21837, *3 (N.D. Cal. Jan. 23, 2014) ("Plaintiff speculates that the defendants' source code would not be preserved during the stay. [citation]. . . . But, [s]peculative assertions that evidence may be lost as a result of a stay pending reexamination are insufficient. [citation]. Both defendants have represented to the Court that they adequately maintain and preserve their source code. [citation]. Plaintiff has failed to present the Court with any specific evidence demonstrating that the risk of evidence loss is greater here than in any other case and that it amounts to more than the delay inherent to the reexamination process.").[5]

Plaintiff contends that "if a stay is granted as requested by YP, the disruption of the consolidation may impede the Court's obligation to secure the just, speedy, and inexpensive determination of every action, which weighs against a stay." Dkt. 82 at 22 (internal quotations omitted). However, Factual will be bound by the decision of the PTO to the same extent as YP.

For these reasons, there is not a sufficient showing that Plaintiff will be unduly prejudiced by a stay. Therefore, this factor favors granting the Motion, at least in part.

\* \* \*

All three factors weigh in favor of a stay that is limited in scope. Therefore, the Court adheres to the view that it stated at the June 16 hearing, *i.e.*, that this action should be stayed upon the filing of the Joint Markman Prehearing Statement on September 29, 2014. This anticipates that the parties will engage in the discovery necessary to prepare the statement. That issue is addressed in more detail below. Further, it assumes that YP and Factual will agree to be estopped from re-litigating issues of invalidity that were addressed in the *inter partes* review, or ones that could have been raised and decided there. If the PTO commences *inter partes* review in October, the action will remained stayed; if, alternatively, such review is denied, this action will proceed.

### C. Scope and Scheduling of Proceedings

The Court adheres to the schedule discussed at the June 16, 2014 hearing. The operative dates are as follows:

---

[5] *Accord PersonalWeb Technologies, LLC v. Facebook, Inc.*, 2014 WL 116340, *5 (N.D. Cal. Jan. 13, 2014) ("Plaintiffs here have failed to point to any specific evidence or witnesses that may become stale or unavailable during the stay period. Considering that these cases turn primarily on source code, which is easily produced and preserved, and absent any nonspeculative allegations as to the future availability of evidence, the court does not find any undue prejudice.").

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV13-07664 JAK (SHx) | Date | July 11, 2014 |
| Title | Locata LBS, LLC v. Yellowpages.com, LLC, et al. <br> Consolidated with: <br> LA CV13-07743 JAK (SHx): Locata LBS LLC v. Factual, Inc. | | |

       August 11, 2014 Parties to Exchange Claim Terms (S.P.R. 3.1)

       August 25, 2014 Parties to Exchange Proposed Constructions and Evidence (S.P.R. 3.2)

       September 22, 2014 Complete Claim Construction Discovery (S.P.R. 3.3)

       September 29, 2014 Joint Markman Prehearing Statement (S.P.R. 3.4)

In their supplemental joint report, Plaintiff, YP and Factual present their respective views on the appropriate scope of discovery that should be conducted prior to the filing of the Joint Markman Prehearing Statement. Plaintiff argues that,

> no other production of documents need to be made in order to proceed efficiently, other than what is already called for in the [Court's] proposed schedule and the Court's standing patent rules under S.P.R. 2.6 (Document Production Accompanying Invalidity Contentions) and S.P.R. 3.2 (Exchange of Claim Constructions and Extrinsic Evidence).

Dkt. 96 at 3.

It also agrees that "source code need not be produced at this time." *Id.* Further, it states that it is "willing to produce documents under the similarly applicable S.P.R. 2.2 [Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions]." *Id.* at 4.

YP and Factual contend that they "should not be required to produce technical documents during this interim period." Dkt. 96 at 7. Further, they contend that the following additional categories of documents should be produced by Plaintiff during this interim period:

> 1.    any correspondence with any law firms involved in prosecuting patents related to the Patent-in-Suit;
> 2.    file histories of any corresponding foreign patents
> 3.    all documents surrounding the decision to file the patent application that led to the Patent-in-Suit
> 4.    any other documents related to the scope of the patent claims (e.g., inventor notes); and
> 5.    any communications between Locata and the third-party inventor.

*Id.* at 8.

They state that "[f]urther negotiations over the appropriate scope of discovery will require additional efforts by the parties." *Id.*

The parties should continue to meet and confer to seek to resolve their discovery dispute. The Court is

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-07664 JAK (SHx) | Date | July 11, 2014 |
|---|---|---|---|
| Title | Locata LBS, LLC v. Yellowpages.com, LLC, et al. <br> Consolidated with: <br> LA CV13-07743 JAK (SHx): Locata LBS LLC v. Factual, Inc. | | |

optimistic that they can reach an agreement. If they are not successful, then on or before July 16, 2014 the parties are directed to file a joint statement in conformance with Local Rule 37-2 that outlines any remaining disputes. No Supplemental Memoranda should be submitted pursuant to Local Rule 37-2.3. If such a motion is brought, it will not be referred to the Magistrate Judge, but will be decided by this Court. If such a motion is filed, the Court will determine whether a hearing on the matter is appropriate or if it can be decided without a hearing pursuant to Local Rule 7-15. Therefore, the parties are not required to set the motion for a hearing date.

### IV.     Conclusion

For the foregoing reasons, the Motion is GRANTED IN PART; provided, however, that this relief is conditioned upon the stipulation of YP and Factual to the terms of the estoppel discussed in this Order. On or before July 16, 2014, each of these parties shall file a statement with respect to whether it will agree to those terms.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | ak | |